**ROSEN & ASSOCIATES, P.C.**
*Counsel to Defendant Stanley
   Jules Reifer*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>STANLEY JULES REIFER,<br><br>                                  Debtor. | Chapter 7<br><br>Case No. 20–11820 (MEW) |
| DANIEL REIFER, individually and derivatively on behalf of GARRETT ASSOCIATES L.P., CENTRAL-ELEVEN ASSOCIATES, L.P., and METRO GARDENS ASSOCIATES, L.P., and as Trustee of the DRR Irrevocable Trust,<br><br>                                  Plaintiffs,<br><br>        -against-<br><br>STANLEY JULES REIFER,<br><br>                                  Defendant.<br><br>And<br><br>GARRETT ASSOCIATES L.P., CENTRAL-ELEVEN ASSOCIATES, L.P., and METRO GARDENS ASSOCIATES, L.P.,<br><br>                              Nominal Defendants. | Adv. Proc. No. 21–01005 (MEW) |

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Stanley Jules Reifer (the "**Debtor**"), through counsel, Rosen & Associates, P.C., as and for his answer (the "**Answer**") to the *Complaint Objecting to the*

*Dischargeability of Debts Due and Owing by the Defendant to the Plaintiff,* dated January 25, 2021 [Adv. Proc. Doc. No. 1] (the "**Complaint**"),[1] filed by Plaintiffs Daniel Reifer, individually and derivatively on behalf of Garrett Associates L.P. ("**Reifer**"), Central-Eleven Associates, L.P. ("**Central-Eleven**"), and Metro Gardens Associates, L.P. ("**Metro Gardens**" and together with Reifer and Central-Eleven, "**Plaintiffs**") and as trustee of the DRR Irrevocable Trust, respectfully represent as follows:

## AS TO JURISDICTION, VENUE, AND STATUTORY PREDICATES FOR RELIEF REQUESTED

1. The Debtor neither admits nor denies the allegations contained in paragraphs "1" and "2" of the Complaint, as such allegations are legal conclusions to which no response is required.

2. The Debtor admits that Plaintiffs purport to have brought this action pursuant to the authority cited in paragraph "3" of the Complaint. To the extent the allegation in paragraph "3" states a legal conclusion, no responsive pleading is required.

## AS TO THE PARTIES

3. The Debtor admits the allegations contained in paragraphs "4" and "5" of the Complaint.

4. To the extent the allegations contained in paragraph "6" of the Complaint purport to cite or summarize the contents of legal documents, the Debtor respectfully refers the Court to the actual documents for a complete and accurate statement of its contents. To the extent the allegations in paragraph "6" state a legal conclusion, no responsive pleading is required.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

Otherwise, the Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5. The Debtor admits the allegations contained in paragraphs "7" through "9" of the Complaint.

## AS TO PROCEDURAL HISTORY

6. The Debtor admits the allegations contained in paragraph "10" of the Complaint.

7. To the extent the allegations contained in paragraph "11" of the Complaint purport to cite or summarize publicly filed documents, the Debtor respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, the Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AS TO FACTUAL BACKGROUND

8. The Debtor admits the allegations contained in paragraphs "12" through "15" of the Complaint.

9. The Debtor denies the allegation contained in paragraph "16" of the Complaint.

10. The Debtor admits the allegations contained in paragraphs "17" through "19" of the Complaint.

11. The Debtor denies the allegations contained in paragraph "20" of the Complaint.

12. The Debtor admits the allegations contained in paragraphs "21" through "24" of the Complaint.

13. The Debtor denies the allegations contained in paragraph "25" of the Complaint.

14. The Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

15. The Debtor admits the allegations contained in paragraph "27" of the Complaint.

16. The Debtor denies the allegations contained in paragraphs "28" through "40" of the Complaint.

17. The Debtor admits the allegations contained in paragraphs "41" through "45" of the Complaint.

18. The Debtor denies the allegations contained in paragraph "46" of the Complaint.

19. The Debtor admits the allegations contained in paragraphs "47" through "49" of the Complaint.

20. The Debtor denies the allegations contained in paragraph "50" of the Complaint.

21. The Debtor admits the allegations contained in paragraphs "51" through "54" of the Complaint.

22. The Debtor denies the allegations contained in paragraphs "55" and "56" of the Complaint.

23. The Debtor admits the allegations contained in paragraph "57" of the Complaint.

24. The Debtor denies the allegations contained in paragraphs "58" through "61" of the Complaint.

25. The Debtor admits the allegations contained in paragraph "62" of the Complaint.

26. The Debtor denies the allegations contained in paragraphs "62" through "66" of the Complaint.

27. The Debtor admits the allegations contained in paragraphs "67" through "70" of the Complaint.

28. The Debtor denies the allegations contained in paragraph "71" of the Complaint.

29. The Debtor admits the allegations contained in paragraphs "72" through "74" of the Complaint.

30. The Debtor denies the allegations contained in paragraph "75" of the Complaint.

31. The Debtor admits the allegations contained in paragraphs "76" through "79" of the Complaint.

32. The Debtor denies the allegations contained in paragraphs "77" through "88" of the Complaint.

### AS TO FIRST CAUSE OF ACTION
### NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523(A)(2)(A)

33. The Debtor repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "88" of the Complaint as if fully set forth herein.

34. The Debtor denies the allegations contained in paragraphs "90" through "92" of the Complaint.

## AS TO SECOND CAUSE OF ACTION
## NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523(A)(2)(B)

35. The Debtor repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "92" of the Complaint as if fully set forth herein.

36. The Debtor denies the allegations contained in paragraphs "94" through "96" of the Complaint.

## AS TO THIRD CAUSE OF ACTION
## NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)

37. The Debtor repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "96" of the Complaint as if fully set forth herein.

38. The Debtor admits the allegation contained in paragraph "98" of the Complaint.

39. The Debtor denies the allegations contained in paragraphs "99" through "102" of the Complaint.

## AS TO FOURTH CAUSE OF ACTION
## NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)

40. The Debtor repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "102" of the Complaint as if fully set forth herein.

41. The Debtor denies the allegations contained in paragraphs "104" and "105" of the Complaint.

## AS AND FOR THE DEBTOR'S FIRST AFFIRMATIVE DEFENSE

42. Plaintiffs' claims and each purported cause of action contained in the Complaint fail to state a claim upon which relief may be granted.

**AS AND FOR THE DEBTOR'S SECOND AFFIRMATIVE DEFENSE**

43. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part due under the doctrine of setoff.

**AS AND FOR THE DEBTOR'S THIRD AFFIRMATIVE DEFENSE**

44. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part due under the doctrine of recoupment.

**AS AND FOR THE DEBTOR'S FOURTH AFFIRMATIVE DEFENSE**

45. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred because of lack of personal jurisdiction over the Debtor in this Court.

**AS AND FOR THE DEBTOR'S FIFTH AFFIRMATIVE DEFENSE**

46. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part because Plaintiffs lack standing to assert the claims contained in the Complaint.

**AS AND FOR THE DEBTOR'S SIXTH AFFIRMATIVE DEFENSE**

47. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR THE DEBTOR'S SEVENTH AFFIRMATIVE DEFENSE**

48. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part due to insufficiency of process.

**AS AND FOR THE DEBTOR'S EIGHTH AFFIRMATIVE DEFENSE**

49. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part due to insufficiency of service of process.

### AS AND FOR THE DEBTOR'S NINTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims and each purported cause of action contained in the Complaint must be dismissed based upon documentary evidence or lack thereof.

### AS AND FOR THE DEBTOR'S TENTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred by the doctrine of waiver.

### AS AND FOR THE DEBTOR'S ELEVENTH AFFIRMATIVE DEFENSE

52. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

### AS AND FOR THE DEBTOR'S TWELFTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part by the doctrine of judicial estoppel.

### AS AND FOR THE DEBTOR'S THIRTEENTH AFFIRMATIVE DEFENSE

54. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part due to the doctrine of laches and/or unclean hands.

### AS AND FOR THE DEBTOR'S FOURTEENTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims and each purported cause of action contained in the Complaint are barred in whole or in part due to the doctrine of *in pari delicto*.

### RESERVATION OF RIGHTS

56. The Debtor reserves all rights to amend this Answer, raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

\*     \*     \*

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

- (i) dismissing the Complaint with prejudice;
- (ii) awarding the Debtor all costs and expenses incurred in defending this action including attorneys' fees as permitted by law; and
- (iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 24, 2021

**ROSEN & ASSOCIATES, P.C.**
*Counsel to Stanley Jules Reifer*

By: _____
    Paris Gyparakis
    Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100